```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANDRE CREAIG,<br><br>              Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-5939 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Andre Creaig, Plaintiff Pro Se
SBI 306009C
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

I.   INTRODUCTION

    Before the Court is Plaintiff Andre Creaig's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1).  By Order dated August 11, 2015, this Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the complaint. (Docket Entry 3).

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for seeking relief from immune defendants, 28 U.S.C. § 1915(e)(2)(B)(iii).

**II.  BACKGROUND**

Plaintiff brings this civil rights action against the State of New Jersey and the Camden County Prosecutor's Office ("CCPO"). (Docket Entry 1). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff states that on September 16, 2011, he was detained in Winslow Township, Camden County on a receiving stolen property charge. (Docket Entry 1 at 6). While he was detained, Officer Barrett of Winslow Township and Officer R. Nicollei from the CCPO questioned him about a murder that occurred on September 13, 2011. (Docket Entry 1 at 6). On September 21, 2011, Plaintiff was charged with that murder and four other offenses. On September 26, 2012, he was indicted for murder, reckless manslaughter, aggravated manslaughter, "person's prohibited," possession of a firearm, and third-degree escape. (Docket Entry 1 at 6). Plaintiff indicates CCPO Deputy First Assistant Joshua M. Ottenberg presented the charges to the grand jury. (Docket Entry 1 at 6).

Plaintiff proceeded to trial in front of Judge Michelle Fox on June 9, 2015. (Docket Entry 1 at 6). He states all but the escape charge were dismissed on July 2, 2015. (Docket Entry 1 at 6). He was sentenced on the escape charge on August 7, 2015 and committed to the custody of the New Jersey Department of Corrections. (Docket Entry 1 at 6). Plaintiff also states "investigators of state went to place of employment and made references and inferences about a firearm that was [purportedly] hidden in a locker at my place of employment." (Docket Entry 1 at 6).

Plaintiff filed the instant complaint on July 20, 2015. (Docket Entry 1). On August 11, 2015, this Court granted his application to proceed *in forma pauperis.* (Docket Entry 2). When the Court's order was returned as undeliverable by the United States Post Office, (Docket Entry 4), the Court administratively terminated the complaint. (Docket Entry 5). Plaintiff submitted a change of address to the Clerk's Office, (Docket Entry 6), and the Court reopened the case for consideration on September 16, 2015.

Plaintiff seeks compensation for lost wages, defamation of character, and "exhausted resources" dating back to the date of his charges. (Docket Entry 1 at 7). He also seeks punitive damages.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government entity.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

4

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff does not specifically state the alleged constitutional violation committed by Defendants. The Court infers from the facts set forth by Plaintiff that he is alleging malicious prosecution by the State and the CCPO.

To prevail on a § 1983 malicious prosecution claim, Plaintiff must set forth facts indicating:

6

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013)(citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)).

**A. State of New Jersey**

The State of New Jersey is generally not a proper defendant under 42 U.S.C. § 1983.  The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

7

The Supreme Court made clear in *Will* that Congress did not abrogate sovereign immunity when it passed § 1983. *See ibid.* There is no indication New Jersey has consented to Plaintiff's suit. Plaintiff's § 1983 claims against the State of New Jersey must therefore be dismissed with prejudice as it is immune from suit, 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. CCPO**

The county prosecutor is immune from suit under § 1983 for the investigation and prosecution of alleged criminal activity. Sovereign immunity also "extends to state agencies and state officers, 'as long as the state is the real party in interest.' It does not extend to counties and municipalities." *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). In the case of county prosecutor offices, such as the CCPO, the Third Circuit has applied Eleventh Amendment immunity when their actions "are clearly law enforcement functions." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *Fitchik*, 873 F.2d at 659). "Eleventh Amendment immunity may not apply when prosecutorial defendants perform administrative tasks unrelated to their strictly prosecutorial functions, such as ... personnel decisions." *Ibid.* (alteration in original) (internal quotation marks omitted).

In this case, Plaintiff's complaints about the CCPO appear to concern the investigation and prosecution of the criminal case against Plaintiff, the ultimate law enforcement function of the office. The claim against the CCPO must therefore be dismissed as the office is immune from relief.[2]

**C. State law claims**

Plaintiff also raises defamation claims under state law. (Docket Entry 1 at 6-7). As the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a). This dismissal is without prejudice to Plaintiff's right to pursue relief in the state courts.[3]

**D. Leave to Amend**

As it is not clear to the Court that amendment of the complaint would be futile, see *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002), Plaintiff may move for leave to file an amended complaint within 30 days of the date of this

---

[2] Plaintiff does not specifically name Officer Nicollei and CCPO Deputy First Assistant Ottenberg as defendants. Under the set of facts set forth in the complaint, they would also be entitled to Eleventh Amendment immunity as investigating crimes and presenting evidence to a grand jury are "clearly law enforcement functions[.]" *Woodyard*, 514 F. App'x at 182. The Court will reassess the immunity issue for all named defendants, except the State of New Jersey, in the event Plaintiff submits an amended complaint.

[3] The Court expresses no opinion as to the merits of the state claims or whether Plaintiff meets the state courts' filing requirements.

order. Any motion for leave to amend must be accompanied by a proposed amended complaint, and it must not repeat the same allegations against the State of New Jersey or the CCPO that have been deemed insufficient in this Opinion.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Ibid.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Ibid.* Plaintiff may not resubmit those claims that have been dismissed with prejudice.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed for seeking relief against immune defendants, 28 U.S.C. § 1915(e)(2)(B)(iii).

| | |
|---|---|
| **November 9, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |