IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE CREAIG, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-5939 (JBS-KMW) |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Andre Creaig, Plaintiff Pro Se
140 Evans Court
West Deptford, NJ 08086

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

Before the Court are Plaintiff Andre Creaig's ("Plaintiff"), motions to amend his complaint, (Docket Entries 12 and 15), and motion for the appointment of counsel, (Docket Entry 14). For the reasons set forth below, the motion to amend shall be granted, and the amended complaint shall proceed in part. The motion to appoint counsel is denied without prejudice.

II.   **BACKGROUND**

Plaintiff submitted a civil rights action against the State of New Jersey and the Camden County Prosecutor's Office ("CCPO") on August 3, 2015. (Complaint, Docket Entry 1). Plaintiff alleged that on September 16, 2011, he was detained in Winslow

Township, Camden County on a receiving stolen property charge.
(Id. at 6). While he was detained, Officer Barrett of Winslow
Township and Investigator Nicolella from the CCPO questioned him
about a murder that occurred on September 13, 2011. (Id.). On
September 21, 2011, Plaintiff was arrested and charged with that
murder and four other offenses. On September 26, 2012, he was
indicted for murder, reckless manslaughter, aggravated
manslaughter, "person's prohibited," possession of a firearm,
and third-degree escape. (Id.). Plaintiff proceeded to trial,
where all but the escape charge were dismissed on July 2, 2015.
(Id.). He was sentenced on the escape charge on August 7, 2015
and committed to the custody of the New Jersey Department of
Corrections. (Id.).

By Opinion and Order dated November 9, 2015, the Court
dismissed the complaint for seeking relief from immune
defendants. (Nov. 9, 2015 Order, Docket Entry 9; see also 28
U.S.C. § 1915(e)(2)(B)(iii)). The Court held that Plaintiff's
claims against the State of New Jersey and CCPO were barred by
the Eleventh Amendment to the United States Constitution. (Slip
Opinion, Docket Entry 8 at 7-9 (citing U.S. Const. amend. XI)). As
such, those claims were dismissed with prejudice. (Id.). In a
footnote, the Court noted that although Plaintiff did not name
Investigator Nicolella and CCPO Deputy First Assistant Ottenberg
as defendants, they would also be entitled to Eleventh Amendment

2

immunity under the set of facts set forth in the complaint. (Id. at 9 n.2 (citing *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013))).

As it was not clear to the Court that amendment of the complaint would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002), the Court granted Plaintiff leave to move to file an amended complaint within 30 days. On November 24, 2015, Plaintiff asked the Court for an extension of time to file his motion, (Docket Entry 10), which the Court granted, (Docket Entry 11). Plaintiff filed a motion to amend the complaint on December 4, 2015. (Motion to Amend, Docket Entry 12). He filed another motion on December 17, 2015. (Docket Entry 15).

Plaintiff's motion indicates he seeks "to cure defects of original claim with regard to relief dismissed with prejudice against (State of New Jersey) having immunity from such claims," (id. ¶ 1), stating that "certain procedures and codes of judicial conduct were in fact violated by Camden County Municipalities[,]" (id. ¶ 2). He alleged that Officer Barrett and Investigator Nicolella knew prior to Plaintiff's arrest that two other people were suspected in the murder. (Id.). According to Plaintiff, a confidential informant approached them after Plaintiff's arrest and informed them that they had arrested the "wrong Andre." (Id.). He states none of this information was

presented to the grand jury or during his trial. (Id.). As a result, Plaintiff states he was forced to live in "some of the most debased of living conditions in Camden County Correctional Facility," lost his job, and was defamed in the press before the charges were dismissed. (Id. ¶ 3). He also claims to having been defamed and suffers psychological scarring as a result of Assistant County Prosecutor's Peter Gallagher's failure to "correctly distribute[]" favorable evidence. (Id. ¶ 4). He specifically alleges Prosecutor Gallagher coerced a witness and withheld his statement from the jury. (Id.). On December 17, 2015, Plaintiff filed another motion to amend the complaint that made the same allegations as the first motion. (Docket Entry 15).[1] Plaintiff also submitted a motion for the appointment of counsel. (Docket Entry 14).

### III. STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro.

---

[1] As the proposed amended complaints are substantively identical, the Court will refer to the motion docketed on December 4, 2015 as the amended complaint for ease of reference and as it includes the exhibits on which Plaintiff relies. (Docket Entry 12).

15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).

## IV. ANALYSIS

### A. Motion to Amend

Plaintiff asks this Court to reinstate his complaint against the State of New Jersey. The Court cannot do so. As it noted in its Opinion dismissing the claims against the state, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). There is no indication that New Jersey

has consented to be sued; therefore, Plaintiff's claims against the state cannot proceed.

To the extent the proposed amended complaint could be read as attempting to assert malicious prosecution and false arrest claims against Investigator Nicolella and Prosecutor Gallagher, the motion must be denied as to those claims as well. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). Petitioner's false arrest claims against all defendants are barred by the statute of limitations. "A complaint pursuant to § 1983 is 'characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.'" *Green v. New Jersey*, 625 F. App'x 73, 76 (3d Cir. 2015) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). In New Jersey, the relevant statute of limitations is <u>two years</u>. *Id.* The date that a cause of action under § 1983 accrues, however, is a matter of federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 860 (3d Cir. 2014). "Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the injury." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). Plaintiff was arrested on September 21, 2011, (Exhibit C-2), the statute of limitations on a false arrest

claim therefore expired on September 21, 2013. As it is apparent from the face of the complaint that the false arrest claim is barred by the statute of limitations, it is subject to dismissal.[2]

Under the set of facts set forth in the proposed amended complaint, Investigator Nicolella and Prosecutor Gallagher are entitled to Eleventh Amendment immunity on Plaintiff's malicious prosecution claim. The Third Circuit has applied Eleventh Amendment immunity to county prosecutor offices and their employees when their actions "are clearly law enforcement functions." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013); *see also Naranjo v. City of Phila.*, 626 F. App'x 353, 355 (3d Cir. 2015) ("[P]rosecutors . . . are immune from damages claims arising from their official acts."); *Beightler v. Office of Essex Cty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009). In other words, the New Jersey county prosecutor's office is considered an arm of the State of New Jersey, which cannot be sued in federal court due to the State's Eleventh Amendment immunity from a suit for money damages. Here, Plaintiff alleges Investigator Nicolella and Prosecutor Gallagher are liable under

---

[2] *See Ostuni*, 532 F. App'x at 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.").

§ 1983 for their actions during the investigation and trial. These actions are clearly law enforcement functions. *Woodyard*, 514 F. App'x at 182; *see also Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 837-38 (3d Cir. 2009); *Davis v. Grusemeyer*, 996 F.2d 617, 632 (3d Cir. 1993) (holding that absolute immunity extends to a prosecutor's investigator who performs "investigative work in connection with a criminal prosecution"), *abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998). Therefore, Plaintiff's malicious prosecution claims against them are barred by Eleventh Amendment immunity.

To prevail on a § 1983 malicious prosecution claim, Plaintiff must set forth facts indicating:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard*, 514 F. App'x at 182 (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009). Accepting Plaintiff's stated facts as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff has sufficiently alleged a malicious prosecution claim against Officer Barrett. This claim shall be permitted to proceed at this time.

Plaintiff also alleges Assistant Prosecutor Gallagher, Investigator Nicolella, and Officer Barrett defamed him "due to favorable evidence not being correctly distributed [throughout] entire judicial process." (Amended Complaint ¶ 4). He further alleges Assistant Prosecutor Gallagher "manipulated judicial proceedings and persons in order to get a conviction" by coercing a witness and withholding a statement. (Id.). In support of his allegations he attaches portions of Investigator Nicolella's investigation report. (Exhibit D).

Under New Jersey law, the elements of the cause of action for defamation are: "(1) that defendants made a false and defamatory statement concerning [plaintiff]; (2) that the statement was communicated to another person (and not privileged); and (3) that defendants acted negligently or with actual malice." *G.D. v. Kenny*, 15 A.3d 300, 310 (N.J. 2011). Plaintiff's amended complaint fails to sufficiently plead a claim of defamation as he does not identify the *specific* allegedly defamatory statements and to whom they were published. *See Zoneraich v. Overlook Hosp.*, 514 A.2d 53, 63 (N.J. Super. Ct. App. Div.)("In the case of a complaint charging defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough."), *certif. denied*, 501 A.2d

945 (N.J. 1986); *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 875 (3d Cir. 1994) (citing *Zoneraich*).

Plaintiff has sufficiently pled a claim of intentional infliction of emotional distress against Officer Barrett. "[T]o establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988). Giving Plaintiff the benefit of all reasonable inferences in the amended complaint, Plaintiff has met this standard.

As Plaintiff has sufficiently pled malicious prosecution and intentional infliction of emotional distress claims against Officer Barrett, amendment of the complaint is not frivolous. The motion shall be granted, and the malicious prosecution and intentional infliction of emotional distress claims against Officer Barrett will proceed at this time.

## B. Motion for the Appointment of Counsel

Plaintiff also moves for the appointment of counsel. (Docket Entry 14). The motion is denied without prejudice to Plaintiff's right to seek appointment of counsel at a later point in time.

Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192

10

(3d Cir. 2011). Courts, in deciding whether to appoint pro bono counsel, first must consider whether plaintiff's claim "has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If the court finds that it does, the court should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). This list of factors is not exhaustive, nor is a single factor determinative. *Id.* at 458. As the Court has permitted Plaintiff's amended complaint to proceed in part, there is sufficient merit to continue analyzing the *Tabron* factors.

Plaintiff states the appointment of counsel is warranted because his "judicial knowledge will take [him] but so far and has gotten [him] but so far with various misinterpretations [occurring] that could have been avoided had [he] previously

11

acquired counsel." (Motion for Counsel ¶ 3). He also argued the fact that he was incarcerated prevented him from obtaining an attorney on his own (Id. ¶ 4). Plaintiff has pled sufficient facts to withstand summary dismissal, indicating he is able to present the issues to the Court. Additionally, he has been released from custody, (Docket Entry 6), which will enable him to seek out the services of an attorney on his own and to otherwise fully participate in the litigation and investigation. The documents attached to Plaintiff's complaint indicate that the case will not be solely a credibility contest, nor does it appear at this time that the case is very complex and that expert testimony will be necessary. Therefore, the *Tabron* factors do not weigh in favor of the appointment of counsel at this time. The motion is denied without prejudice.

**V.   CONCLUSION**

For the reasons stated above, Plaintiff's motion to amend his complaint is granted. The malicious prosecution claim is dismissed as to the State of New Jersey, the Camden County Prosecutor's Office, Investigator Nicolella, and Assistant County Prosecutor Gallagher. Plaintiff's malicious prosecution and intentional infliction of emotional distress claims against Officer Barrett may proceed at this time. Plaintiff's motion for the appointment of counsel is denied without prejudice.

An appropriate order follows.


**March 23, 2016**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge